UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID A. SMOLLER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) Case No. 4:06CV436 HEA |
| v. | ) |
| | ) |
| DEUTSCHE BANK AG, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Remand, [Doc. No. 35]. Defendants oppose the motion. For the reasons set forth below, the Motion is granted.

## Facts and Background[1]

Plaintiffs filed this action in the Circuit Court of the County of St. Louis, Missouri. The facts set forth in the Petition are summarized as follows: Plaintiffs are investors who met with various defendants in 2000 to discuss a tax-oriented strategy involving foreign exchange digital option contracts (the Strategy). To implement the Strategy, plaintiff David Smoller opened securities brokerage accounts with

---

[1] The facts set forth herein are taken from the pleadings before this Court at this time and are set forth for the purposes of this motion only. The recitation is in no way intended to relieve any of the parties from proof thereof in future proceedings.

Deutsche Bank Alex. Brown[2] on behalf of plaintiffs DS Sumac Investments, Sumac Partners and DS Sumac Investors, Inc., which were used to trade foreign exchange digital option contracts as part of the Strategy. Defenndats claim that Deutsche Bank AG, a German corporation, served as a "counterparty" to these trades.

The Account Agreements by which the securities brokerage accounts were opened contained the following arbitration clause: [plaintiffs]

> agree to arbitrate with you any controversies which may arise, whether or not based on events occurring prior to the date of this agreement, including any controversy arising out of or relating to any account with you, to the construction, performance, breach of any agreement with you, or to transactions with or through you, only before the New York Stock Exchange or the National Association of Securities Dealers Regulation, Inc., at my election.

The agreements were executed by the plaintiffs and Deutsche Bank Alex Brown, all of whom are United States citizens.

Plaintiffs allege that in reliance on the advice of defendants, they used the losses that were generated from engaging in the Strategy to offset capital gains tax obligations for the year 2000. Plaintiffs were later audited by the IRS and incurred tax penalties and interest. They seek recovery under a number of state law claims, *to wit*, declaratory judgment and unjust enrichment; breach of contract and breach of

---

[2] DB Alex. Brown merged into, and later changed its name to, Deutsche Bank Securities Inc.

the duty of good faith and fair dealing; breach of fiduciary duty; fraud; negligence; negligent misrepresentation; breach of contract; and civil conspiracy

Defendants Deutsche Bank AG, Deutsche Bank Securities, Inc. and David Parse removed this action on March 8, 2006. All other defendants consented to the removal. The basis for removal is 9 U.S.C. § 205. Defendants contend that this case involves an arbitration agreement covered by the Convention on the Recognition and Enforcement of Arbitral Awards. Plaintiffs move to remand contending that this matter does not so relate.

## Discussion

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cr. 1997), *cert. denied,* 522 U.S. 1075 (1998); *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993).

Defendants argue that removal was proper under Section 205 of Title 9, which provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before

the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205. In order for the removal to be proper, however, defendants must show that (1) an arbitration agreement exists that "falls under" the Convention, and (2) the dispute "relates to" the arbitration agreement. *Beiser v. Weyler*, 284 F.3d 665, 666 (5th Cir. 2002).

The agreements at issue were entered into between plaintiffs and Deutsche Bank Alex Brown, all of whom are citizens of the United States.[3] Whether commercial agreements exclusively between citizens of the United States fall under the Convention is determined by Section 202, which provides, in pertinent part,

> An agreement or award arising out of such a relationship which is entirely between citizens of the Untied States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

---

[3] Defendants argue that even though the foreign defendants are not signatories to the agreements at issue, the Court should consider the foreign defendants as "parties" to the agreements because of their relationship to Deutsche Bank Alex. Brown. Based on the wealth of authority defining various business entities and the relationships between such entities, as well as the legal rights of parent corporations and their subsidiaries, the Court is unpersuaded that the foreign defendants would qualify as "parties" to the agreements. The only parties to the agreements are plaintiffs and Deutsche Bank Alex. Brown, a United States corporate citizen; there is no basis is provided in this section for "third party beneficiaries of the contract, even assuming such status exists.

9 U.S.C. § 202. Thus, in order for the agreements to fall under the Convention they must: involve property located abroad, envisage performance or enforcement abroad; or have some other reasonable relation with one or more foreign states.

Defendants argue that the relationship of the parties envisaged performance abroad and had a "reasonable relation" to a foreign state. Defendants contend that throughout the petition, Deutsche Bank Alex, Brown, the United States citizen, and a party to the agreements, is mentioned interchangeably with Deutsche Bank AG, a German corporation, and plaintiffs allege the two entities engaged in concerted misconduct. Further, defendants argue that the strategy envisioned trades implemented by Deutsche Bank AG and that Deutsche Bank AG served as a counter-party to trades with plaintiffs. Identical arguments have been considered and rejected by courts considering them

> As noted in *Maletis [v. Perkin & Co*, NO CV-05-820-ST (D. Or. Sept 13, 2005)], although the account agreements authorize Deutsche Bank Alex. Brown to purchase and sell foreign securities to Deutsche Bank AG affiliates, the purpose of the agreements was to enable Plaintiffs to buy options on foreign currency, which are essentially "bets" as to the future value of such currency. *See Maletis*, CV-05-820-ST at 10. The options did not require the actual purchase of foreign currency or securities, and the options were purchased domestically. While, in what appears to be a form contract, Plaintiffs allow for the purchase of foreign securities, the purpose of the agreement was clearly not so broad, and there is no indication that the parties ever envisaged performance abroad. And, as noted by Plaintiffs, no performance actually occurred abroad.

*Ling v. Deutsche Bank AG*, Case Number 4:05cv345 at 9-10 (E.D. Tex 2005).

Similarly, Judge Godbey of the Northern District of Texas has also found such agreements do not envisage performance abroad.

> [T]he fact that the Account Agreements authorized transaction in foreign securities (or currency) does not necessarily envisage performance abroad any more than any other domestic transaction in imported goods, *e.g.* buying some sneakers made in China at the local Wal-Mart.

*Williams v. Deutsche Bank AG*, Cause Number 3:05-CV-1395-N (N.D. Tex. 2006).

The agreements present before the Court clearly state that they are deemed "to have been made in the State of New York, and shall be construed, and the rights of the parties determined, in accordance with the laws of the State of New York. . ." In entering into this choice of laws provision and forum selection clause, the parties recognize that the agreements necessarily envisage performance domestically, an understanding which is contrary to defendants' current position that the parties relationship envisaged performance abroad.

Finally, the Court is unpersuaded that there is a reasonable relationship between the agreements at issue and any foreign state. Defendants assert that the parties' commercial relationship bears some reasonable relationship to Germany because of the affiliation Deutsche Bank AG, a foreign entity and the parent has with its affiliate, Deutsche Bank Alex. Brown. This argument fails with respect to this element of Section 202 as it did in defendants' efforts to establish that the

foreign corporation should be considered to be a party to the agreement. The signatories to the agreement are all United States citizens. Nothing contained in the agreements gives rise to *any* relationship to a foreign state, since the agreements were entered into between plaintiffs and the domestic subsidiary of a foreign entity. Even assuming, *arguendo* that there exists a relationship between the domestic and foreign <u>entities</u>, defendants' argument that through this, a relationship exists between the agreement and a foreign <u>state</u> is too great a leap to take to satisfy Section 202's requirement of a "reasonable relationship."

## **Conclusion**

This Court joins in those courts which have analyzed the Account Agreements at issue, and similar such agreements, and have found that they do not fall within the specific confines of Section 202.[4] As such, there is no basis for this Court to exercise jurisdiction over this matter and the Motion to Remand is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand, [Doc. No. 35], is granted.

---

[4] In addition to the cases cited *supra*, see also, *RA Investments I LLC v. Smith & Frank Group Servs*, Cause Number, 4:05CV363 (E.D. Tex. 2006); *Condon v. Deutsche Bank AG*, Cause Number 05 Civ. 1908 (RSM) (W.D. Wash. 2006); *Palmer Ventures, L.L.C. v, KPMG L.L.P.*, Cause Number 04-706-D-M3 (M.D. La. 2006); *Martin v. Jenkins & Gilchrist*, Cause Number H-05-4076 (S.D. Tex. 2006).

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court of St. Louis County, Missouri.

Dated this 31st day of July, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE